JENNIFER LIU (SBN 279370)
E-mail:  jliu@liulawpc.com
REBECCA PETERSON-FISHER (SBN 255359)
E-mail:  rpetersonfisher@liulawpc.com
**THE LIU LAW FIRM, P.C.**
1390 Market Street, Suite 200
San Francisco, California 94102
Telephone: (415) 896-4260
Facsimile: (415) 231-0011

ALISON KOSINSKI (SBN 261676)
E-Mail:  alison@ktlawsf.com
EMILY THIAGARAJ (SBN 284634)
E-Mail:  emily@ktlawsf.com
**KOSINSKI & THIAGARAJ, LLP**
351 California Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 230-2860
Facsimile:  (415) 723-7099

*Attorneys for Plaintiffs and the Putative Class and Collective*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KAYLA GORDON and JAMES MOLLO,<br><br>    Plaintiffs,<br><br>      v.<br><br>BRAAVOS, INC., d/b/a BANNERMAN SECURITY; JONATHAN CHIN; and DOES 1 through 10, Inclusive,<br><br>    Defendants. | **CLASS AND COLLECTIVE ACTION COMPLAINT  FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Kayla Gordon and James Mollo ("Plaintiffs"), security guards formerly employed by BRAAVOS, INC., doing business as Bannerman Security; Jonathan Chin; and Does 1 through 10, inclusive (collectively "Bannerman" or "Defendants"), individually and on behalf of all others similarly situated, by their attorneys at The Liu Law Firm, P.C. and Kosinski & Thiagaraj LLP, allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1.      Plaintiffs, security guards formerly employed by Bannerman, bring this class and collective action on behalf of themselves and all other similarly-situated current and former security guards who perform or performed guard work for Bannerman, regardless of their precise titles.

2.      Bannerman employs security guards across the country, using a software application ("app") to manage employees' assignments and compensation.  Bannerman had and continues to have a policy and practice of intentionally misclassifying all of its security guards as independent contractors, and failing to pay them overtime in violation of the Fair Labor Standards Act ("FLSA").  Bannerman guards are in fact employees, not independent contractors, and are therefore entitled to overtime pay for all hours worked in excess of forty in a single work week.

3.      Plaintiff Gordon also brings this action on behalf of herself and all similarly-situated current and former Bannerman guards who worked in the State of California, pursuant to Federal Rule of Civil Procedure 23, to remedy violations of California Labor Code §§ 201.3, 203, 221, 226, 226.7, 226.8, 246, 247, 510, 512, 558, 1174, 1175, 1197, 1197.1, 1198, 1199, 2802, and 3700, Industrial Welfare Commission ("IWC") Wage Order 4-2001, California Business and Professions Code § 17200 *et al.*, and supporting regulations, interpretations, and case law (collectively, the "California Wage Laws").  Plaintiff Gordon also brings this action as a representative action on behaf of all aggrieved employees pursuant to the California Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698 *et seq.*

4.      Plaintiff Mollo also brings this action on behalf of himself and all similarly-

2

situated current and former Bannerman guards who worked in the State of Washington, pursuant to Federal Rule of Civil Procedure 23, to remedy violations of the Revised Code of Washington §§ 49.12.020, 49.12.170, 49.12.450, and 49.46.130, and Washington Administrative Code §§ 296-128-550 and 296-126-092, and supporting regulations, interpretations, and case law (collectively, the "Washington Wage Laws").

## THE PARTIES

5.     Plaintiff Kayla Gordon is an adult resident of San Pablo, California in Contra Costa County.  Plaintiff Gordon was employed by Defendants as a guard from approximately April 2016 to April 2017.  A written consent to join form for Plaintiff Gordon is filed herewith as Exhibit A.

6.     Plaintiff James Mollo is a resident of Port Townsend, Washington.  Plaintiff was employed by Defendants as a guard from approximately May 2015 to June 2016.  Plaintiff Mollo worked for Bannerman in the State of Washington from approximately May 2015 to April 2016, and in the State of California from approximately May 2016 to June 2016.  A written consent to join form for Plaintiff Mollo is filed herewith as Exhibit B.

7.     Defendant BRAAVOS, INC., doing business as Bannerman Security, is a foreign corporation incorporated in Delaware, with its headquarters and principal place of business in the City and County of San Francisco, California.

8.     Defendant Jonathan Chin is the founder and Chief Executive Officer of BRAAVOS, INC.

9.     The true names and capacities of the Defendants named herein Does 1 through 10, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiffs, who therefore sues such defendants by fictitious names pursuant to California Code of Civil Procedure § 474.  Plaintiffs will amend this Complaint to show such true names and capacities of Does 1-10, inclusive, if and when they have been determined.

10.     Plaintiffs are informed and believe, and on that basis allege, that each of the Defendants sued herein, including Does 1 through 10, inclusive, is in some manner legally responsible for the wrongful acts and/or omissions alleged herein.

11.    Plaintiffs are informed and believe, and on that basis allege, that each of the Defendants acted in concert with each and every other Defendant, intended to and did participate in the events, acts, practices and courses of conduct alleged herein, and proximately caused damage and injury thereby to Plaintiffs as alleged herein.

12.    At all times herein mentioned, each Defendant, including Does 1 through 10, inclusive, were agents, employees, supervisors, employers, alter egos, and/or joint venturers of these Defendants, and were acting both individually and in the course and scope of such relationship, and/or as integrated enterprises and/or joint employers, with knowledge and/or consent of the remaining Defendants.

## JURISDICTION AND VENUE

13.    This Court has subject matter juridisction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 216(b).

14.    This Court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which there are 100 or more members of the proposed classes; at least some members of the proposed classes are citizens of different states than Defendants; and the claims of the proposed class members exceed $5,000,000 in the aggregate.

15.    This Court has jurisdiction of Plaintiffs' state law claims under 28 U.S.C. § 1367 because the state law claims and federal claims are so closely related that they form part of the same case or controversy under Article III of the United States Constitution.

16.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

17.    Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are headquartered in and regularly conduct business in this District, and are therefore subject to the Court's personal jurisdiction.

## FACTUAL ALLEGATIONS

18.    Bannerman was established in San Francisco in 2013 by CEO and Founder Jonathan Chin.  According to publicly available data, Bannerman provides security guard

4

1   services to over a thousand corporate and individual clients across the country.  Bannerman

2   operates its business using a proprietary app, which it requires its guards to use to request

3   shifts, record time worked, and report incidents.

4       19.    At all times relevant herein, Defendants voluntarily and knowingly

5   misclassified and continue to misclassify Plaintiffs and other similarly-situated guards as

6   independent contractors for the purpose of evading its legal obligations as an employer.

7       20.    Upon information and belief, Bannerman requires its guards to sign a

8   "Professional Services Agreement" ("PSA") as a condition of employment.  The PSA refers to

9   guards as "Consultants," and states that guards are independent contractors.  Under the terms

10  of the PSA, guards are responsible for all expenses incurred in performing services for

11  Bannerman, and are required to indemnify Bannerman against any third-party claims of

12  negligence or intentional misconduct in the performance of services.  The PSA further

13  prohibits guards from engaging in "any business activity that is competitive with, or would

14  otherwise conflict with his or her relationship with the Company" without Bannerman's

15  express written consent.  The PSA permits Bannerman to terminate guards with seven days'

16  written notice or immediately upon material breach of the PSA.

17      21.    Bannerman has had and continues to have a policy and practice of controlling

18  the details of guards' work performance.  Bannerman offers three kinds of shifts to guards:

19  "classic," "on-call," and "recurring."  "Classic" shifts are one-time jobs, "on-call" shifts

20  require guards to be ready to be deployed during a specified time period, and "recurring" shifts

21  are regular shifts at the same time and location.  Guards use Bannerman's app to request classic

22  and recurring shifts, and to schedule themselves for on-call shifts.  Bannerman may approve or

23  deny a guard's shift request.  Plaintiffs' shift requests were sometimes approved and

24  sometimes denied.

25      22.    Bannerman guards do not have discretion regarding how to perform their duties,

26  but are required to follow specific instructions disseminated by Bannerman regarding all

27  aspects of their work performance, including but not limited to what to wear and how to

28  conduct themselves during their shifts.  Bannerman generally required Plantiffs and other

1    guards to wear either a suit with a Bannerman pin, a Bannerman uniform, or black clothing

2    when working as a Bannerman guard.  Bannerman further required Plaintiffs and other guards

3    to comply with detailed instructions tailored to specific clients regarding aspects of their work

4    performance, such as how to interact with people entering and exiting buildings, how

5    frequently to patrol specific areas, how to operate security technology, how to document their

6    work, and what security threats to watch out for.

7        23.    Through the Bannerman app, Bannerman monitored the locations and

8    movements of Plaintiffs and other Bannerman guards using global positioning technology

9    (GPS).  Bannerman required Plaintiffs, and continues to require all Bannerman guards, to leave

10   location services for the Bannerman app on at all times, including outside of their scheduled

11   shifts or hours they designated as available.  Bannerman closely monitors and directs guards in

12   the performance of their work based upon their locations and movement.  For example, on at

13   least one occasion, a Bannerman supervisor contacted Plaintiff Gordon to tell her that he could

14   see that she had been stationary for too long, and to direct her to do rounds.

15       24.    Bannerman had and continues to have a policy of requiring guards to perform

16   uncompensated, off-the-clock work.  Bannerman required and continues to require guards to

17   clock in and out of their shifts using Bannerman's app, and pays guards only for time recorded

18   on the app.  However, Bannerman's app does not permit guards to clock in or out unless GPS

19   confirms they are physically present at the site of their scheduled shift.  Nevertheless,

20   Bannerman requires guards to perform work outside of the locations of their scheduled shifts,

21   such as retrieving keys from other locations and returning equipment to Bannerman's

22   headquarters.  The time guards spend performing such work is unrecorded and uncompensated.

23       25.    Bannerman required and continues to require guards to continue working until

24   relieved by the next scheduled guard.  Plaintiffs and other guards continued to work past the

25   scheduled end of their shifts when the next scheduled guards were late.  However, although

26   Bannerman records time worked to the minute through its app, Bannerman had and continues

27   to have a policy and practice of rounding down to the nearest quarter-hour when compensating

28

1   guards for time worked past the scheduled end of their shift.  Therefore, Plaintiffs and other

2   guards were frequently not compensated for all time worked.

3       26.     Bannerman exercised and continues to exercise disciplinary authority over

4   guards.  Bannerman guards are subjected to a point system, in which each disciplinary

5   infraction earns a point, and accruing three points in a given time period results in termination

6   via removal of the guard from Bannerman's platform.  If a guard has no disciplinary points, a

7   green icon is displayed on their app.  After one point, the icon turns yellow, and after two

8   points, the icon turns red, indicating that the guard is in danger of termination.

9       27.     Bannerman has also utilized a star system, in which guards' star ratings were

10  lowered if they did not arrive to work on time or did not take enough shifts.  Guards who did

11  not maintain a high rating were terminated via removal from Bannerman's platform.

12      28.     Bannerman retains the authority to terminate guards from its platform at any

13  time for what it deems poor performance, and has in fact terminated Plaintiff Gordon and other

14  guards from its platform for poor performance.

15      29.     Bannerman had and continues to have a policy and practice of deducting $5.00

16  from guards' pay each time they check in late to a shift, and has deducted such funds from

17  guards, without their authorization, as discipline for checking in late to a shift.

18      30.     Bannerman had and continues to have a policy and practice of assigning guards

19  to worksites with no bathroom facilities or chairs.  Bannerman assigned both Plaintiff Gordon

20  and Plaintiff Mollo to work sites with no bathroom facilities or chairs.

21      31.     Bannerman had and continues to have a policy and practice of prohibiting

22  guards from taking meal and rest periods except when clients specifically allow them to.

23  Bannerman tells its guards that because they are independent contractors, they are not entitled

24  to meal and rest periods.  Bannerman regularly denied Plaintiffs and other similarly-situated

25  guards meal and rest periods.

26      32.     Bannerman guards regularly work shifts that exceed eight hours, but they are

27  not paid overtime premium pay as required by state and federal law.  Plaintiff Gordon regularly

28  worked shifts of twelve hours or longer, but was not paid overtime premium pay for the hours

7

1  she worked in excess of eight or twelve in a workday.  Plaintiff Mollo regularly worked shifts

2  of twelve hours per day, seven days per week, in the State of Washington, but was never paid

3  overtime premium pay for hours worked in excess of forty in a workweek.

4       33.  Bannerman required and continues to require guards to use a smart phone to

5  operate its app, and to use their personal vehicles to travel to and from worksites.  However,

6  Bannerman had and continues to have a policy and practice of not reimbursing guards for gas,

7  mileage, wear and tear to their vehicles, parking expenses, or any portion of their phone bills.

8  Neither Plaintiff Gordon nor Plaintiff Mollo were ever provided with reimbursement for any

9  expenses incurred in the course of performing their jobs.

10       34.  Bannerman had and continues to have a policy and practice of requiring guards

11  to attend staff meetings without pay.  For example, Bannerman required Plaintiff Gordon and

12  other guards in the San Francisco area to attend a staff meeting for two hours and did not

13  compensate them.

14       35.  Bannerman had and continues to have a policy and practice of failing to pay

15  reporting time pay in violation of California law.  On multiple occasions, Plaintiff Gordon

16  reported to her scheduled shift only to be told that she was not needed and sent home.  Plaintiff

17  and other guards were not compensated at all for days on which they were scheduled to work

18  and reported to work, but were not put to work.

19       36.  Bannerman does not provide its guards with workers' compensation insurance,

20  despite the obvious risk of injury inherent in guard work, nor does it withhold any of guards'

21  wages for state disability insurance or unemployment insurance.  Plaintiffs were not provided

22  with workers' compensation insurance during their employment with Bannerman, and

23  Bannerman took no deductions for state disability insurance or unemployment insurance from

24  their compensation.

25       37.  Although California requires all employers to provide paid sick time to

26  employees who work more than thirty days within a year from the commencement of their

27  employment, Bannerman does not provide paid sick time to its California guards.  Plaintiffs

28  and other guards worked more than thirty days within a year from the commencement of their

1  employment, but were never provided with any paid sick time.

2  **COLLECTIVE ACTION ALLEGATIONS**

3  38.    Plaintiffs bring the First Cause of Action, pursuant to the FLSA, 29 U.S.C. §

4  216(b), on behalf of themselves and all similarly situated persons who elect to opt into this

5  action who work or have worked for Bannerman as security guards nationwide on or after

6  October 13, 2014 (the "FLSA Collective").

7  39.    Plaintiffs are similarly situated to other members of the FLSA Collective.

8  40.    Defendants misclassified Plaintiffs and other members of the FLSA Collective

9  as independent contractors, and failed to pay them overtime premium pay for hours worked in

10  excess of forty in a week.

11  41.    Plaintiffs and other members of the FLSA Collective had the same or similar

12  primary job duties and were subject to the same company policies and practices.

13  42.    Defendants are liable under the FLSA for, *inter alia,* failing to properly

14  compensate Plaintiffs and other members of the FLSA Collective.  There are many similarly-

15  situated current and former Bannerman guards who have been underpaid in violation of the

16  FLSA who would benefit from the issuance of a court-supervised notice regarding the present

17  lawsuit and the opportunity to join it.  Those similarly situated individuals are known to

18  Defendants, are readily identifiable, and can be located through Defendants' records, such that

19  notice should be sent to them pursuant to 29 U.S.C. § 216(b).

20  **CLASS ACTION ALLEGATIONS**

21  *The California Class*

22  43.    Plaintiff Gordon (the "California Plaintiff") brings the Second through Ninth

23  Causes of Action pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and all

24  persons who have worked for Bannerman as guards in California between October 13, 2013

25  and the date of final judgment in this matter (the "California Class").

26  44.    Excluded from the California Class are Defendants, Defendants' legal

27  representatives, officers, directors, assigns, and successors, or any individual who has, or who

28  at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to

9

1    whom this case is assigned and any member of the Judges' immediate family; and all persons

2    who will submit timely and otherwise proper requests for exclusion from the California Class.

3        45.    The members of the California Class are so numerous that joinder of all

4    members is impracticable.  Upon information and belief, the size of the California class is at

5    least 200 individuals.  Although the precise number of putative class members is unknown, the

6    facts on which the calculation of that number depends are presently within the sole control of

7    Defendants.

8        46.    Defendants have acted or have refused to act on grounds generally applicable to

9    the California Class, thereby making appropriate final injunctive relief or corresponding

10    declaratory relief with respect to the California Class as a whole.

11        47.    Common questions of law and fact exist as to the California Class that

12    predominate over any questions only affecting them individually and include, but are not

13    limited to, the following:

14                i.    Whether Defendants violated Labor Code § 226.8 by willfulling

15                    misclassifying the California Plaintiff and the California Class as

16                    independent contractors;

17                ii.    Whether Defendants violated Labor Code §§ 201.3 by failing to timely

18                    pay the California Plaintiff and the California Class all wages due and

19                    owing;

20                iii.    Whether Defendants violated Labor Code § 203 by willfully failing to

21                    pay the California Plaintiff and the California Class who quit or were

22                    discharged all wages due and owing;

23                iv.    Whether Defendants violated Labor Code § 226 by failing to furnish the

24                    California Plaintiff and the California Class with accurate, itemized

25                    wage statements and are therefore subject to penalties under Labor Code

26                    §§ 226.3 and 226.6;

27                v.    Whether Defendants violated by Labor Code § 221 and 226.8(a)(3) by

28                    taking unauthorized deductions from the wages of the California

10

1    Plaintiff and the California Class, and are therefore subject to penalties

2    under Labor Code § 225.5;

3    vi.    Whether Defendants violated Labor Code § 226.7 by requiring the

4    California Plaintiff and the California Class to work during meal or rest

5    periods mandated pursuant to Industrial Welfare Commission ("IWC")

6    Wage Order 4-2001;

7    vii.    Whether Defendants violated Labor Code § 246 by failing to provide the

8    California Plaintiff and the California Class paid sick days and are

9    therefore subject to penalties under Labor Code § 248.5;

10    viii.    Whether Defendants violated Labor Code § 510 by failing to pay the

11    California Plaintiff and the California Class overtime premium pay for

12    hours worked in excess of eight in a workday or forty in a workweek,

13    and double time pay for hours worked in excess of twelve in a workday;

14    ix.    Whether Defendants violated Labor Code § 512 by failing to provide the

15    California Plaintiff and the California Class with a thirty minute meal

16    period whenever they worked over five hours in a day, and with a

17    second thirty minute meal period whenever they worked over ten hours

18    in a day;

19    x.    Whether Defendants violated Labor Code § 1198 by employing the

20    California Plaintiff and the California Class for longer hours than those

21    fixed by IWC Wage Order 4-2001 or under conditions of labor

22    prohibited by IWC Wage Order 4-2001, and are therefore liable for

23    penalties under Labor Code §§ 558, 558.1, and 1199, in that Defendants

24    failed to pay reporting time pay;

25    xi.    Whether Defendants violated Labor Code § 1198 by employing the

26    California Plaintiff and the California Class under conditions of labor

27    prohibited by IWC Wage Order 4-2001, and are therefore liable for

28    penalties under Labor Code §§ 558, 558.1, and 1199, in that Defendants

11

1    failed to ensure that worksites to which the California Plaintiff and the

2    California Class were assigned met minimum working conditions

3    standards;

4    xii.    Whether Defendants violated Labor Code §§ 1174(d) and 1175 by

5    failing to maintain accurate records of hours worked by the California

6    Plaintiff and the California Class, and are therefore subject to penalties

7    under Labor Code § 1174.5;

8    xiii.    Whether Defendants violated Labor Code § 1197 by failing to pay the

9    California Plaintiff and the California Class minimum wage for all time

10    worked, and are therefore liable for liquidated damages under Labor

11    Code §§ 1194.2 and 1197.1;

12    xiv.    Whether Defendants violated Labor Code § 2802 by failing to indemnify

13    the California Plaintiff and the California Class for necessary

14    expenditures or losses they incurred in direct consequence of the

15    discharge of their duties or obedience to Defendants;

16    xv.    Whether Defendants violated Labor Code § 3700 by failing to provide

17    the California Plaintiff and the California Class workers' compensation

18    insurance, and are therefore liable for penalties under Labor Code §

19    3700.5;

20    xvi.    Whether Defendants are liable for additional penalties under Labor Code

21    § 2699; and

22    xvii.    Whether the aforementioned legal violations constitute unlawful

23    business practices in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*

24    48.    The California Plaintiff's claims are typical of the claims of the California Class

25    she seeks to represent.  The California Plaintiff and all members of the California Class work,

26    or have worked, for Defendants as security guards in the State of California.  The California

27    Plaintiff and members of the California Class enjoy the same statutory rights under California

28    law to be paid overtime wages, to be provided with meal and rest periods, to be provided with

12

1    accurate wage statements, to be paid for all time worked, and to be provided with workers'

2    compensation insurance.  The California Plaintiff and members of the California Class have all

3    sustained similar types of damages as a result of defendants' failure to comply with the

4    California Wage Laws.  The California Plaintiff and the members of the California Class have

5    all been injured in that they have been uncompensated or under-compensated due to

6    Defendants' common policies, practices, and patterns of conduct.

7        49.    The California Plaintiff will fairly and adequately represent and protect the

8    interests of the California Class.  The California Plaintiff understands that as class

9    representative, she assumes a fiduciary responsibility to the class to represent its interests fairly

10   and adequately.  The California Plaintiff recognizes that as class representative, she must

11   represent and consider the interests of the class just as she would represent and consider her

12   own interests.  The California Plaintiff understands that in decisions regarding the conduct of

13   the litigation and its possible settlement, she must not favor her own interests over the interests

14   of the class.  The California Plaintiff recognizes that any resolution of a class action must be in

15   the best interests of the class.  The California Plaintiff understands that in order to provide

16   adequate representation, she must be informed of developments in litigation, cooperate with

17   class counsel, and testify at deposition and/or trial.  The California Plaintiff has retained

18   counsel competent and experienced in complex class actions and employment litigation.  There

19   are no conflicts between The California Plaintiff and the California Class members.

20       50.    A class action is superior to other available methods for the fair and efficient

21   adjudication of this litigation – particularly in the context of wage litigation like the present

22   action, where an individual Plaintiff may lack the financial resources to vigorously prosecute a

23   lawsuit in federal court against a corporate defendant. The members of the California Class

24   have been damaged and are entitled to recovery as a result of Defendants' violation of the

25   California Wage Laws as well as its common and uniform policies, practices, and procedures.

26   Although the relative damages suffered by individual members of the California Class are not

27   *de minimis*, such damages are small compared to the expense and burden of individual

28   prosecution of this litigation.  In addition, class litigation is superior because it will obviate the

13

1    need for unduly duplicative litigation that might result in inconsistent judgments about

2    Defendants' practices.

3        51.    This action is properly maintainable as a class action under Federal Rule of

4    Civil Procedure 23(b)(3).

5    ***The Washington Class***

6        52.    Plaintiff Mollo (the "Washington Plaintiff") brings the Tenth through Twelfth

7    Causes of Action under Rule 23 of the Federal Rules **of** Civil Procedure, on behalf of a class of

8    persons consisting of all persons who have worked for Defendants as security guards in the

9    State of Washington at any time between October 13, 2014 and the present.

10       53.    Excluded from the Washington Class are Defendants' legal representatives,

11   officers, directors, assigns, and successors, or any individual who has, or who at any time during

12   the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is

13   assigned and any member of the Judges' immediate family; and all persons who will submit

14   timely and otherwise proper requests for exclusion from the Washington Class.

15       54.    The persons in the Washington Class identified above are so numerous that

16   joinder of all members is impracticable.  Although the precise number of such persons is not

17   known to the Washington Plaintiff, the facts on which the calculation of that number can be

18   based are presently within the sole control of Defendant.  Upon information and belief, the size

19   of the Washington Class is at least 50 individuals.

20       55.    Defendants acted or refused to act on grounds generally applicable to the

21   Washington Class, thereby making appropriate final injunctive relief or corresponding

22   declatory relief with respect to the Washington Class as a whole.

23       56.    The Tenth through Twelfth Causes of Action are properly maintainable as a

24   class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and

25   fact common to the Washington Class that predominate over any questions solely affecting

26   individual members of the Washington Class, including but not limited to:

27           i.    Whether Defendants misclassified the Washington Plaintiff and the

28               Washington Class as independent contractors;

14

ii.    Whether Defendants failed and/or refused to pay the Washington
Plaintiff and the Washington Class for all hours worked in violation of
the Washington Wage Laws;

iii.    Whether Defendants failed and/or refused to pay the Washington
Plaintiff and the Washington Class overtime pay for hours worked in
excess of forty (40) per workweek in violation of the Washington Wage
Laws;

iv.    Whether Defendants policy of failing to pay the Washington Plaintiff
and the Washington Class was instituted willfully or with reckless
disregard of the law;

v.    Whether Defendants required the Washington Plaintiff and the
Washington Class to work more than five consecutive hours without a
meal period;

vi.    Whether Defendants failed to provide the Washington Plaintiff and the
Washington Class who worked three or more hours longer than a normal
work day with a thirty-minute meal period prior to or during the
overtime period;

vii.    Whether Defendants failed to provide the Washington Plaintiff and the
Washington Class with rest periods of not less than ten minutes for each
four hours of working time;

viii.    Whether Defendants required the Washington Plaintiff and the
Washington Class to work more than three hours consecutively without
a rest period;

ix.    Whether Defendants unlawfully failed to reimburse the Washington
Plaintiff and the Washington Class for the expense of purchasing formal
work apparel; and

x.    The nature and extent of the Washington Class-wide injury and the
appropriate measure of damages for the Washington Class.

15

57.    The claims of the Washington Plaintiff are typical of the claims of the

Washington Class sought to be represented.  The Washington Plaintiff and the other

Washington Class members work or have worked for Defendants and have been subjected to

their policy and pattern of failing to pay overtime wages due, failing to provide rest and meal

periods, and failing to reimburse workers for the purchase of formal work apparel.

58.    Defendants acted and refused to act on grounds generally applicable to the

Washington Class, thereby making declaratory relief with respect to the Washington Class

appropriate.

59.    The Washington Plaintiff will fairly and adequately represent and protect the

interests of the Washington Class.  The Washington Plaintiff understands that, as a class

representative, he assumes a fiduciary responsibility to the Washington Class to represent its

interests fairly and adequately.  The Washington Plaintiff recognizes that as a class

representative, he must represent and consider the interest of the Washington Class just as he

would represent and consider his own interests.  The Washington Plaintiff understands that in

decisions regarding the conduct of the litigation and its possible settlement, he must not favor

his own interests over those of the Washington Class.  The Washington Plaintiff recognizes

that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must

be in the best interests of the Washington Class.  The Washington Plaintiff understands that in

order to provide adequate representation, one must remain informed of developments in the

litigation, cooperate with class counsel by providing them with information and any relevant

documentary material in one's possession, and testify, if required, in a deposition and in trial.

60.    The Washington Plaintiff has retained counsel competent and experienced in

complex class action employment litigation.

61.    A class action is superior to other available methods for the fair and efficient

adjudication of this litigation – particularly in the context of wage litigation like the present

action, where an individual Plaintiff may lack the financial resources to vigorously prosecute

lawsuit in federal court against a corporate defendant.  The members of the Washington Class

have been damaged and are entitled to recovery as a result of Defendants' common and

16

1    uniform policies, practices, and procedures.  Although the relative damages suffered by an

2    individual member of the Washington Class are not *de minimis*, such damages are small

3    compared to the expense and burden of individual prosecution of this litigation.  In addition,

4    class treatment is superior because it will obviate the need for unduly duplicative litigation that

5    might result in inconsistent judgments about Defendants' practices.

6        62.    This action is properly maintainable as a class action under Federal Rule of

7    Civil Procedure 23(b)(3).

8                    **FIRST CAUSE OF ACTION**

9        **Unpaid Overtime Wages (FLSA; 29 U.S.C. §§ 201 *et seq*.)**
     **(Brought by Plaintiffs Individually and on Behalf of the Collective against All Defendants)**
10

11       63.    Plaintiffs reallege and incorporate by reference all allegations in all preceding

12   paragraphs.

13       64.    Defendants were and are employers of Plaintiffs and other similarly situated

14   current and former guards and are engaged in commerce and/or the production of goods for

15   commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a), in that they were and are

16   assigned to guard manufacturing, shipping and fulfillment facilities.

17       65.    The overtime wage provisions set forth in §§ 201 *et seq*. of the FLSA apply to

18   Defendants.

19       66.    At all relevant times, Plaintiffs and other similarly situated current and former

20   guards were and are employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

21       67.    Defendants have failed to pay Plaintiffs and other similarly situated current and

22   former guards the wages to which they were entitled under the FLSA.

23       68.    Defendants' violations of the FLSA, as described in this Class and Collective

24   Action Complaint, have been willful and intentional.

25       69.    Because Defendants' violations of the FLSA have been willful, a three-year

26   statute of limitations applies, pursuant to 29 U.S.C. § 255, as it may be tolled or extended

27   agreement, equity or operation of law.

28

70.     As a result of Defendants' willful violations of the FLSA, Plaintiffs and other similarly situated current and former guards have suffered damages by being denied wages in accordance with 29 U.S.C. §§ 201 *et seq*., in amounts to be determined at trial or through undisputed record evidence, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

**Overtime Premium Pay (California Labor Code §§ 510, 558, 558.1, 1198, 1199, Wage Order 4-2001)**
**(Brought by the California Plaintiff Individually and on Behalf of the California Class against All Defendants)**

71.     The California Plaintiff hereby incorporates by reference all preceding paragraphs as alleged above as if fully set forth herein.

72.     The California Plaintiff and members of the California Class worked more than eight hours in one day and more than forty hours in one work week during the relevant time period.

73.     Defendants did not pay the California Plaintiff and members of the California Class at one and a half times their regularly hourly rate hours for worked in excess of eight in one day or forty in one work week in violation of Wage Order 4-2001 §3(A)(1) and Cal. Lab. Code § 510.

74.     The California Plaintiff and members of the California Class worked more than twelve hours in one workday.

75.     Defendants did not pay the California Plaintiff and members of the California Class double their regularly hour rate for hours worked in excess of twelve in a single workday in violation of Wage Order 4-2001 §3(A)(1) and Cal. Lab. Code § 510.

76.     As a direct and proximate result of the above violations of their rights, the California Plaintiff and the California Class have suffered damages in an amount to be proven at trial.

77.     Defendant Jonathan Chin, acting on behalf of Bannerman, caused the violations of the California Labor Code and Wage Order 4-2001 described herein by

18

establishing Bannerman's policy of unlawfully misclassifying guards as independent

contractors and failing to pay them overtime premium pay, and is therefore liable for damages

in an amount to be proven at trial pursuant to Cal. Lab. Code § 558.1.

## THIRD CAUSE OF ACTION

**Wage Payment Violations (California Labor Code §§ 201.3, 203)**
**(Brought by the California Plaintiff Individually and on Behalf of the California Class against All Defendants)**

78.      The California Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

79.      California Labor Code §§ 201.3 require Defendants to pay employees all wages due within the time specified by law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

80.      The California Plaintiff and all members of the California Class who ceased employment with Defendants are entitled to unpaid compensation, but to date have not received such compensation.

81.      More than thirty days have passed since the California Plaintiff and certain members of the California Class have left Defendants' employ.

82.      As a consequence of Defendants' willful conduct in not paying compensation for all hours worked, the California Plaintiff and members of the California Class whose employment ended during the relevant period are entitled to thirty days' wages under California Labor Code § 203, together with interest thereon and attorneys' fees and costs.

83.      Defendant Jonathan Chin, acting on behalf of Bannerman, caused the violations of Labor Code § 203 described herein, and is personally liable for wages owed to the California Plaintiff and members of the California Class whose employment ended during the relevant time period, together with interest thereon and attorneys' fees and costs, pursuant to Cal. Lab. Code § 558.1.

## FOURTH CAUSE OF ACTION

**Record-Keeping Violations (IWC Wage Order No. 4-2001; California Labor Code §§ 226, 1174, & 1174.5)**
**(Brought by the California Plaintiff Individual and on Behalf of the California Class against All Defendants)**

84.     The California Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

85.     Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to the California Plaintiff and California Class Members in accordance with California Wage Order No. 4-2001 and California Labor Code § 226(a).  Such failure caused injury to the California Plaintiff and the California Class, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled.  At all times relevant herein, Defendants have failed to maintain records of hours worked by the California Plaintiff and California Class Members as required under Labor Code § 1174(d).

86.     The California Plaintiff and California Class Members are entitled to and seek injunctive relief requiring Defendants to comply with California Labor Code §§ 226(a) and 1174(d), and further seek the amount provided under California Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

## FIFTH CAUSE OF ACTION

**Meal and Rest Period Violations (California Labor Code §§ 226.7, 512, 558, 558.1, 1198, 1199; Wage Order 4-2001)**
**(Brought by the California Plaintiff Individually and on Behalf of the California Class against All Defendants)**

87.     The California Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

88.    The California Plaintiff and members of the California Class worked shifts excess of five hours without being afforded at least a thirty minute uninterrupted meal break during which they were or are relieved of all duty, as required by California Wage Order No. 4-2001 and California Labor Code §§ 226.7 and 512.

89.    The California Plaintiff and members of the California Class worked shifts in excess of ten hours without being afforded at least two uninterrupted thirty minute meal breaks during which they were relieved of all duty, as required by California Wage Order 4-2001 and California Labor Code §§ 226.7 and 512.

90.    The California Plaintiff and members of the California Class also regularly worked shifts in excess of four hours without being afforded at least one ten-minute rest break during which they were or are relieved of all duty, per four hours of work performed or major fraction thereof, as required by California Wage Order No. 4-2001 and California Labor Code §§ 226.7.

91.    As a result of Defendants' failure to provide proper meal periods, Defendants are liable to the California Plaintiff and members of the California Class for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to California Wage Order No. 4-2001 and California Labor Code § 226.7.

92.    As a result of Defendants' failure to afford proper rest periods, Defendants are liable to the California Plaintiff and members of the California Class for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to California Wage Order No. 4-2001 and California Labor Code § 226.7.

93.    Defendant Jonathan Chin, acting on behalf of Bannerman, caused the violations of IWC 4-2001 and Labor Code §§ 226.7 described herein by establishing Bannerman's unlawful policies with respect to meal and rest periods.  Defendant Chin is therefore personally liable to the California Plaintiff and members of the California Class for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, and one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, at the regular rate of compensation, pursuant to

21

California Labor Code § 558.1.

## SIXTH CAUSE OF ACTION

### Failure to Indemnify (Cal Lab. Code § 2802)
### (Brought by the California Plaintiff Individually and on Behalf of the California Class against All Defendants)

94.     The California Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

95.     Under Cal. Lab. Code § 2802, an employer must indemnify employees for all necessary expenditures and losses incurred in direct consequence of the discharge of her duties, or of her obedience to the directions of the employer.

96.     The California Plaintiff and members of the California Class incurred necessary expenditures in direct consequence of the discharge of their duties and obedience to the directions of Defendants for which they were not indemnified, including but limited to gas, mileage, wear and tear on personal vehicles, and smartphone bills.

97.     Defendants are liable to the California Plaintiff and the California Class for reimbursement of all necessary expenditures, with interest, in addition to reasonable attorneys' fees incurred to enforce the rights of the California Plaintiff and the California Class under Cal. Lab. Code § 2802.

98.     Defendant Jonathan Chin, acting on behalf of Bannerman, caused the violations of Cal. Lab. Code § 2802 described herein, by establishing Bannerman's policy of unlawfully misclassifying guards as independent contractors and failing to indemnify them for work-related expenses.  Defendant Chin is therefore liable for reimbursement of all necessary expenditures, with interest, in addition to reasonable attorneys' fees incurred to enforce the rights of California Plaintiff and the California Class under Cal. Lab. Code § 2802 pursuant to Cal. Lab. Code § 558.1.

Class and Collective Action Complaint for Damages; Demand for Jury Trial

1

**SEVENTH CAUSE OF ACTION**

2

**Reporting Time Pay (Cal. Lab. Code § 1198, IWC Wage Order 4-2001)**
3    **(Brought by the California Plaintiff Individual and on Behalf of the California Class Against All Defendants)**

4        99.    The California Plaintiff realleges and incorporates by reference all allegations in

5    all preceding paragraphs.

6        100.    The California Plaintiff and members of the California Class were scheduled for

7    work reported for work, and were not put to work.

8        101.    The California Plaintiff and members of the California Class were not paid for the

9    dates on which they were scheduled for work, reported for work, and were not put to work, in

10    violation of IWC Wage Order 4-2001 § 5(A) and Cal. Lab. Code § 1198.

11        102.    As a direct and proximate result of the above violations of their rights, the

12    California Plaintiff and the California Class are entitled to damages in an amount to be proven at

13    trial.

14

**EIGHTH CAUSE OF ACTION**

15

**Unfair Competition Law (Cal. Bus & Prof. Code §§ 17200 *et seq.*)**
16    **(Brought by the California Plaintiff Individually and on Behalf of the California Class against All Defendants)**

17        103.    The California Plaintiff realleges and incorporates by reference all allegations in

18    all preceding paragraphs.

19        104.    The foregoing conduct, as alleged, violates the California Unfair Competition

20    Law ("UCL").  The UCL prohibits unfair competition by prohibiting, *inter alia*, any unlawful or

21    unfair business acts or practices.

22        105.    Beginning at a date unknown to the California Plaintiff, but as long ago as

23    October 13, 2013, Defendants committed, and continue to commit, acts of unfair competition, as

24    defined by the UCL, by, among other things, engaging in the acts and practices described herein.

25    Defendants' conduct as alleged herein has injured the California Plaintiff and the California

26    Class by wrongfully denying them earned wages, and therefore was substantially injurious to the

27    California Plaintiff and the California Class.

28

1    106.    Defendants engaged in unfair competition in violation of the UCL by violating,

2    *inter alia*, each of the following laws.  Each of these violations constitutes an independent and

3    separate violation of the UCL:

4          a.    California Labor Code § 201.3, 203;

5          b.    California Labor Code §§ 226, 226.3, 226.6;

6          c.    California Labor Code §§ 226.7;

7          d.    California Labor Code § 221, 226.8(a)(3);

8          e.    Caliofrnia Labor Code §§ 246;

9          f.    California Labor Code §§ 510;

10         g.    California Labor Code §§ 512, 558, 1198-1199;

11         d.    California Labor Code § 1174 and 1185;

12         e.    California Labor Code §1197; and

13         f.    California Labor Code § 3700

14   Defendants' course of conduct, acts, and practices in violation of the California laws

15   mentioned in the above paragraph each constitute a separate and independent violation of the

16   UCL.  Defendants' conduct described herein violates the policy or spirit of such laws or

17   otherwise significantly threatens or harms competition.

18   107.    The unlawful and unfair business practices and acts of Defendants, described

19   above, have injured California Class Members in that they were wrongfully denied the payment

20   of earned wages and reimbursement for necessary expenditures.

21   108.    The California Plaintiff, on behalf of herself and the California Class, seeks

22   restitution in the amount of all unpaid wages, unlawful deductions, and unreimbursed necessary

23   expenditures made in direct consequences of the discharge of their duties and obedience to the

24   directions of Defendants.

25   109.    The California Plaintiff, on behalf of herself and the California Class, seeks

26   recovery of attorneys' fees and costs of this action to be paid by Defendants, as provided by the

27   UCL and California Labor Code §§ 218, 218.5, and 1194.

28

## NINTH CAUSE OF ACTION

**Private Attorneys' General Act (Cal. Lab. Code § 2698 *et seq.*)**
**(Brought by the California Plaintiff Individually and on Behalf of All Similarly-Situated**
**Aggrieved Employees against All Defendants)**

110.    The California Plaintiff, on behalf of herself and all aggrieved employees and/or on behalf of the Class, as well as the general public of the State of California, realleges and incorporates by reference all allegations in all preceding paragraphs. Under the PAGA, Calfornia Labor Code §§2698-99, any aggrieved employee may  bring a representative action as a private attorney general on behalf of the general public, including all other aggrieved employees, to recover civil penalties for their employers' violations of the California Labor Code and IWC Wage Orders.  These civil penalties are in addition to any other relief available under the Labor Code, and must be allocated 75% to the State of California's Labor and Workforce Development Agency and 25% to the aggrieved worker, pursuant to California Labor Code §2699.

111.    Pursuant to California Labor Code § 1198, Defendants' employment of the California Plaintiff and members of the California Class for longer hours than those fixed by IWC Wage Order No. 4-2001 or under conditions of labor prohibited by IWC Wage Order 4-2001 is unlawful and constitutes a violation of the California Labor Code, actionable under PAGA.  Pursuant to California Labor Code § 1199, it is unlawful for defendants to have violated, or refused or neglected to have complied with, any other provision of IWC Wage Order 4-2001 as alleged herein.  The California Plaintiff alleges, on behalf of herself, all aggrieved employees and/or on behalf of the Class, well as the general public of the State of California, that Defendants have violated the following provisions of the California Labor Code and the following provisions of the IWC Wage Orders that are actionable through the California Labor Code and PAGA, as previously alleged herein:  Cal. Lab. Code §§ 201.3, 203, 216, 226, 266.7, 510, 512, 1174, 1175, and 1198.  Each of these violations entitles the California Plaintiff, as private attorney general, to recover the applicable statutory civil penalties on her own behalf, on behalf of all aggrieved employees, and on behalf of the general public, including but not limited to penalties pursuant to Lab. Code §§ 225.5, 226.3, 226.6, 558, 1174.5, and 1199.

112.    Under Cal. Lab. Code § 226.8, it is unlawful to willfully misclassify an employee as an independent contractor to avoid employee status.  Defendants engaged in a pattern and practice of willfully misclassifying the California Plaintiff and members of the putative Class as independent contractors, and of taking deductions from their compensation that would be unlawful if they had not been so misclassified.  Defendants are therefore liable under PAGA and Cal. Lab. Code §226.8(c) for civil penalties of not less than $10,000.00 and not more than $25,000.00 for each violation, in addition to any other penalties or fines permitted by law.

113.    Under Cal. Lab. Code §246, employers are required to provide paid sick time to employees who work 30 or more days within a year at the rate of one hour of paid sick time for every thirty hours worked.  Defendants failed to provide the California Plaintiff and members of the California Class with any sick time, despite the fact that the California Plaintiff and members of the California Class worked more than thirty days within one year.  Furthermore, Defendants failed to post the notice required by Cal. Lab. Code § 247 of employees' right to paid sick time. Accordingly, Defendants are liable under PAGA and Cal. Lab. Code § 248.5(e) for restitutionary relief in the amount of the dollar amount of paid sick days unlawfully withheld, as well as reasonable attorneys' fees and costs.

114.    Under Cal. Lab. Code § 3700, every employer must secure the payment of workers' compensation.  Defendants failed to provide the California Plaintiff and members of the putative class with workers' compensation insurance.  Defendants knew, or because of their knowledge and experience reasonably should be expected to have known, of the obligation to secure workers' compensation.  Accordingly, Defendants are liable under PAGA and Cal. Lab. Code § 3700.5 for fines.

115.    On August 17, 2017, the California Plaintiff provided notice via online submission to the California Labor and Workforce Development Agency ("LWDA"), and via certified mail to Bannerman, of her intention to pursue a claim for relief under PAGA against Bannerman on behalf of herself and all aggrieved employees.  The LWDA has not notified the California Plaintiff that it does or does not intend to investigate the alleged violations.

116.    Under PAGA, the California Plaintiff and the State of California are entitled to

26

1   recover the maximum civil penalties permitted by law for the violations of the California Labor

2   Code and IWC Wage Order 4-2001 that are alleged in this Complaint.

3                           **TENTH CAUSE OF ACTION**

4        **Failure to Pay Overtime (RCW 49.46.130, 49.12.020,WAC 296-128-550)**
         **(Brought by the Washington Plaintiff Individually and on Behalf of the Washington Class**
5                           **against All Defendants)**

6           117.    The Washington Plaintiff realleges and incorporates by reference all allegations in

7   all preceding paragraphs.

8           118.    At all times relevant, the Washington Plaintiff and member of the Washington

9   Class have been employees, and Defendants have been employers, within the meaning of the

10  Washington Wage Laws.

11          119.    Defendants failed to pay the Washington Plaintiff and members of the

12  Washington Class wages to which they are entitled under the Washington Wage Laws.

13  Defendants failed to pay the Washington Plaintiff and members of the Washington Class for

14  overtime at a wage rate of one and one-half times their regular rate of pay for all hours worked

15  over forty in a workweek.

16          120.    Defendants failed to pay the Washington Plaintiff and members of the

17  Washington Class all overtime wage owed to them on the regular pay day for the pay period in

18  which the overtime wages were earned.

19          121.    As a direct and proximate result of the above violations of their rights, the

20  Washington Plaintiff and the Washington Class are entitled to damages in an amount to be

21  proven at trial.

22                          **ELEVENTH CAUSE OF ACTION**

23       **Meal and Rest Period Violations (RCW §§ 49.12.020, 49.12.170; WAC § 296-126-092)**
         **(Brought by the Washington Plaintiff Individually and on Behalf of the Washington Class**
24                          **against All Defendants)**

25          122.    The Washington Plaintiff realleges and incorporates by reference all allegations in

26  all preceding paragraphs.

27          123.    Defendants failed to provide the Washington Plaintiff and members of the

28  Washington Class with meal periods of at least thirty minutes no more than five hours from the

                                        27

1    beginning of their shifts.

2    124.    Defendants required the Washington Plaintiff and members of the Washington

3    Class to work more than five consecutive hours without a meal period.

4    125.    Defendants failed to provide the Washington Plaintiff and members of the

5    Washington Class who worked three or more hours longer than a normal work day with a thirty-

6    minute meal period prior to or during the overtime period.

7    126.    Defendants failed to provide the Washington Plaintiff and members of the

8    Washington Class with rest periods of not less than ten minutes for each four hours ofworking

9    time.

10    127.    Defendants required the Washington Plaintiff and members of the Washington

11    Class to work more than three hours consecutively without a rest period.

12    128.    As a direct proximate result of the above violations of their rights, the Washington

13    Plaintiff and the Washington Class are entitled to damages in an amount to be proven at trial.

14    <u>**TWELFTH CAUSE OF ACTION**</u>

15    **Failure to Reimburse for Employee Work Apparel (RWC 49.12.450)**
**(Brought by the Washington Plaintiff Individually and on Behalf of the Washington Class**

16    **Against All Defendants)**

17    129.    The Washington Plaintiff realleges and incorporates by reference all allegations in

18    all preceding paragraphs.

19    130.    Defendants required the Washington Plaintiff and members of the Washington

20    Class to wear a uniform within the meaning of RCW 49.12.450, specifically, formal apparel.

21    131.    Defendants failed to reimburse the Washington Plaintiff and members of the

22    Washington Class for the expense of formal apparel they purchased in order to fulfill

23    Defendants' uniform requirement.

24    132.    As a direct proximate result of the above violations of their rights, the Washington

25    Plaintiff and the Washington Class are entitled to damages in an amount to be proven at trial.

26

27

28

28

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons in the FLSA Collective, pray for the following relief:

A.    At the earliest possible time, Plaintiffs should be allowed to give notice of this collective action, or the Court should issue such notice, to all persons who are members of the FLSA Collective.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C.§§ 201 *et seq.* and the supporting United States Department of Labor regulations;

C.    An injunction enjoining Defendants from violating the foregoing laws and regulations in the future;

D.    Pre-judgment interest;

E.    Attorneys' fees and costs of the action; and

F.    Such other relief as this Court deems just and proper.

**WHEREFORE**, Plaintiffs, individually and on behalf of the members of the respective Class each represents, pray for the following relief:

A.    Certification of the state law claims in this action as class actions;

B.    Designation of each such plaintiff as a Class Representative;

C.    A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

D.    Appropriate equitable and injunctive relief to remedy Defendants' violations of state law, including but not necessarily limited toa n orderenjoining Defendant from continuing its unlawful practices;

E.    An award of damages, liquidated damages, appropriate statutory penalties, and restitution to be paid by Defendants according to proof;

F.    Restitution;

G.    An award of civil penalites under Cal. Lab. Code §§ 2698 *et seq.*, and all other

29

applicable statutes;

H.    Pre-Judgment and Post-Judgment interest, as provided by law;

I.    Attorneys' fees and costs of suit, including expert fees; and

J.    Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

DATED:  October 31, 2017               Respectfully submitted,

**THE LIU LAW FIRM, P.C.**

By: */s/ Rebecca Peterson-Fisher*
     Rebecca Peterson-Fisher
     Jennifer L. Liu
     **THE LIU LAW FIRM, P.C.**
     1390 Market Street, Suite 200
     San Francisco, California 94102
     Telephone: (415) 896-4260
     Facsimile: (415) 231-0011

     Emily Thiagaraj
     Alison Kosinski
     **KOSINSKI & THIAGARAJ, LLP**
     351 California Street, Suite 300
     San Francisco, CA 94104
     Telephone: (415) 230-2860
     Facsimile:  (415) 723-7099

     *Attorneys for Plaintiffs and the Putative Class and*
     *Collective*

Class and Collective Action Complaint for Damages; Demand for Jury Trial

# EXHIBIT A

## CONSENT TO JOIN FORM

1.    I consent to be a party plaintiff in a lawsuit against Braavos, Inc., d/b/a Bannerman Security, and Jonathan Chin and/or related entities and individuals (collectively "Bannerman") in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.    I hereby designate The Liu Law Firm, P.C. and Kosinski and Thiagaraj, LLP ("the Firms") to represent me in bringing such claims, and to make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firms will petition the Court for attorneys' fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable

3.    I also consent to join any other related action against Bannerman or other potentially responsible parties to assert my claims and for this Consent Form to be filed in any such action.

Oct 30, 2017

Date

Signature: KAYLA GORDON (Oct 30, 2017)

Email:

Kayla Gordon

# EXHIBIT B

## CONSENT TO JOIN FORM

1.  I consent to be a party plaintiff in a lawsuit against Braavos, Inc., d/b/a Bannerman Security, and Jonathan Chin and/or related entities and individuals (collectively "Bannerman") in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.  I hereby designate The Liu Law Firm, P.C. and Kosinski and Thiagaraj, LLP ("the Firms") to represent me in bringing such claims, and to make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firms will petition the Court for attorneys' fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable

3.  I also consent to join any other related action against Bannerman or other potentially responsible parties to assert my claims and for this Consent Form to be filed in any such action.

Oct 27, 2017
Date
Signature: _James Mollo_
james mollo (Oct 27, 2017)
Email: ███████████

James Mollo